UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

County of Mille Lacs,

Plaintiff,

vs. MINUTE ORDER

Melanie Benjamin, individually and officially as Chief Executive, Mille Lacs Bank of Chippewa Indians; Herb Weyaus, individually and officially as Secretary/ Treasurer, Mille Lacs Band of Chippewa Indians; Sandra Blake, individually and officially as District Representative, Mille Lacs Band of Chippewa Indians; Marvin Bruneau, individually and officially as District Representative, Mille Lacs Band of Chippewa Indians; and Harry Davis, individually and officially as District Representative, Mille Lacs Band of Chippewa Indians,

Defendants. Civ. No. 02-407 (JMR/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 27th day of March, 2002.

* * *

On March 27, 2002, the Court heard argument on the Defendants' Motion to Enlarge Time to Answer Complaint. At the time of the Hearing, the Plaintiff appeared by Tom D. Tobin, and Peter J. Pustorino, Esqs., and the Defendants appeared by Mary Al Balber, and Marc D. Slonim, Esqs. For reasons expressed at the close of the

FILED MAR 27 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

(9)

Hearing, and briefly reiterated below, we grant the Motion to Enlarge Time to Answer Complaint such that an Answer shall be served, and filed, by no later than March 29, 2002.

In a 35-page Complaint, the Plaintiff seeks, among other forms of relief, a declaration that the exterior boundaries of the Mille Lacs Indian Reservation, as established by a Treaty of the United States in 1855, "have been disestablished/diminished." Attached to the Complaint are three single-spaced Exhibits, one of which being quite lengthy, that further elaborate on the allegations of the Complaint, and that trace, in a fair amount of detail, the history of the interaction between the Mille Lacs Band of Chippewa, and the Government of the United States. According to the Defendants, they need additional time to respond to the Complaint due to the complexity and breadth of the Plaintiff's allegations, and so as to allow a joint Answer by the Defendants, notwithstanding the fact that service of process was not effected upon each of the Defendants on the same date. The Defendants request an extension to and including March 29, 2002, in which to plead, or otherwise respond to the Plaintiff's Complaint. If granted, the requested extension would amount to merely one week, as to certain of the named-Defendants, and two weeks as to others, depending upon when the particular Defendant was served with process.

For its part, the Plaintiff opposes any extension of the time in which the Defendants must respond to the Complaint, as it claims that the allegations in the Complaint have been the subject of extended negotiations between the parties over the past several months and, according to the Plaintiff, the Defendants cannot be surprised by any of the allegations contained in its Complaint. Expressing hope that this litigation can be expedited, the Plaintiff asks that the Court reject any effort at delay. The Defendants note, however, that the Plaintiff has considered seeking the same relief, which it seeks in its Complaint, over the last decade, and they regard the Plaintiff's asserted interest in expedition as feigned, at best.

Given the circumstances presented, we believe that a modest extension, as has been requested by the Defendants, will allow a responsible pleading, in answer to the Plaintiff's Complaint, to be served and filed. While a general denial would suffice, the greater the specificity of any Answer that the Defendants might serve and file, the greater the likelihood that the issues will be fully joined or, perhaps, even narrowed. We join in the Plaintiff's interest in expedition, and we believe a speedy resolution of this dispute will not be impacted by a slight extension in the time in which the Defendants shall respond to the Complaint. The parties are at liberty to seek leave so as to commence discovery

before the completion of the Rule 26(f) Conference, see Rule 26(d), Federal Rules of Civil Procedure, and other means are available which will assure close adherence to the mandate of Rule 1, Federal Rules of Civil Procedure, that the dispute, here, will be resolved in a "just, speedy, and inexpensive" way. Therefore, "for cause shown," see Rule 6(b), Federal Rules of Civil Procedure, we grant the enlargement requested by the Defendants, and they are directed to answer the Plaintiff's Complaint, **by no later than March 29, 2002.**

NOW, THEREFORE, It is --

ORDERED:

That the Defendants' Motion to Enlarge Time to Answer Complaint [Docket No. 4] is GRANTED, and the Defendants are directed to serve, and file, their Answer to the Plaintiff's Complaint, **by no later than March 29, 2002.**

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE