UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

ORDER

* * * * * * * * * * * * * * * * * * *

County of Mille Lacs,

Plaintiffs,

vs.

Melanie Benjamin, individually and officially as Chief Executive Mille Lacs Band of Chippewa Indians; Herb Weyaus, individually and officially as Secretary / Treasurer, Mille Lacs Band of Chippewa Indians; Sandra Blake, individually and officially as District Representative, Mille Lacs Band of Chippewa Indians; Marvin Bruneau, individually and officially as District Representative, Mille Lacs Band of Chippewa Indians; and Harry Davis, individually and as District Representative, Mille Band of Chippewa Indians,

Defendants,

and

First National Bank of Milaca,

Movant for Intervention. Civ. No. 02-407 (JMR/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 26th day of June, 2002.

* * *

FILED JUN 26 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon the Motion to Intervene by the First National Bank of Milaca ("FNB"). FNB's Motion was filed on May 8, 2002, with a Hearing on the Motion set for June 6, 2002. In the interim, however, the Court had been advised that neither the Plaintiff, nor the Defendants, opposed the Motion. Thus, after reviewing the Memoranda provided by all parties involved, as well as the applicable law, we conclude that a Hearing on the Motion is unnecessary, and we grant FNB's Motion to Intervene on the written Record.

Under Rule 24(a)(2),[1] Federal Rules of Civil Procedure, anyone has the right to intervene in an action upon timely application:

> [W]hen the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

In practical terms, "a party seeking mandatory intervention must establish that it: (1) ha[s] a recognized interest in the subject

[1]Rule 24(a)(1), Federal Rules of Civil Procedure, permits intervention of right "when a statute of the United States confers an unconditional right to intervene." The Movant does not reference or rely upon any such statute, and we find this basis for intervention of right to be inapplicable.

matter of the litigation that (2) might be impaired by the disposition of the case and that (3) will not be adequately protected by the existing parties." Standard Heating and Air Conditioning Co. v. City of Minneapolis, 137 F.3d 567, 571 (8th Cir. 1998) [alteration in original], quoting Mausolf v. Babbitt, 85 F.3d 1295, 1299 (8th Cir. 1996).

A "recognized interest" must be "'direct,' as opposed to tangential or collateral," and "both 'substantial' and 'legally protectable.'" United States v. Union Elec. Co., 64 F.3d 1152, 1161 (8th Cir. 1995), citing S.E.C. v. Flight Transp. Corp., 699 F.2d 943, 949 (8th Cir. 1983) . To show that the interest might be impaired by the disposition of the case, an intervenor need only show that "the disposition of the action may as a practical matter impair or impede the applicant's ability to protect [its] interest." Kansas Pub. Employees Retirement Sys. v. Reimer & Koger Associates, Inc., 60 F.3d 1304, 1307 (8th Cir. 1995); cf., S.E.C. v. Flight Transp. Corp., supra at 948 (threatened loss in market value of intervenors' homes sufficient). Moreover, the movant "need not show that, but for its intervention, its interest 'would be' impaired by the operation of res judicata, collateral estoppel, or stare decisis, but rather only that its interest 'may be' so impaired." Kansas Pub. Employees Retirement Sys. v. Reimer & Koger Associates, Inc., supra at 1307. The intervenor bears the burden,

albeit a minimal one, of showing inadequacy of present representation of its interests. See, Chiglo v. City of Preston, 104 F.3d 185, 187 (8th Cir. 1996). At bottom, Rule 24 should be liberally construed, with all doubts to be resolved in favor of the proposed intervenor. See, Kansas Pub. Employees Retirement Sys. v. Reimer & Koger Associates, Inc., supra at 1307.

Here, the Plaintiff filed a Complaint, which seeks a declaration that the exterior boundaries of the 1855 Mille Lacs Indian Reservation were disestablished, or diminished, by specific Federal Treaties and Statute. The ostensible cause for the suit is the apparent claim of the Mille Lacs Band of Chippewa Indians ("the Band") that the former Reservation, which was once established by Treaty in 1855, between the United States, and the Chippewa Indians, continues to exist. According to FNB, based on this belief, the Band has asserted regulatory authority over businesses operating within the boundaries of the "former" Reservation. The assertion of regulatory power extends to FNB, which has property and substantial business, including the Band members, within the "former" Reservation boundaries. Thus, FNB seeks to intervene in order to protect its rights and interests, and argues that, but for its intervention, it rights and interests could be detrimentally impacted by a decision on reservation's status.

In that respect, FNB argues that this case is analogous to Mille Lacs Band of Indians v. Minnesota, 989 F.2d 994 (8th Cir. 1993), where our Court of Appeals considered whether Counties, and landowners, could intervene in an action between the Mille Lacs Band of Chippewa Indians, and the State of Minnesota, which concerned the Mille Lacs Band's hunting, fishing, and gathering rights, on land which had been previously ceded to the United States by Treaty. Id. at 996-98. There, the intervenors argued that the case could affect their property values or interests, since a decision favorable to the Mille Lacs Band could permit the Band members to exercise fishing, hunting, and gathering rights, allegedly reserved by Treaty, upon the proposed intervenors' land. Id. at 998. The Court concluded that intervention, under Rule 24(a), was appropriate, as both the County and the landowners had an interest in the land that they owned which could have been affected by the litigation. Id. at 1001. Moreover, the respective interests of the Counties, and the landowners, were found to be narrower than those of the State defendant and, as a consequence, the Court determined that those interests were not adequately represented by the State. Id.

We are bound by the Court's reasoning in Mille Lacs Band of Indians v. Minnesota, supra, which compels the grant of the Motion to Intervene. Here, FNB not only owns property within the "former"

Reservation boundaries, but also has a legal interest, through loans, in a large amount of the property that could be affected by the disposition of this litigation. Moreover, as FNB does business within the "former" Reservation boundaries, and with the Band members, the Band's intent to regulate businesses within those boundaries could certainly affect FNB. Finally, FNB's interest is more narrow, and individualized, than the Plaintiff's interest, and, therefore, is not adequately represented by the Plaintiff. Accordingly, we conclude that FNB's timely-filed Motion to Intervene is proper, and should be granted.

NOW, THEREFORE, It is --

ORDERED:

1. That the Motion of First National Bank of Milaca to Intervene as a Plaintiff [Docket No. 13] is GRANTED.

2. That the First National Bank of Milaca shall, forthwith, serve and file a copy of its proposed Complaint, in accordance with the applicable Rules of Civil Procedure.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE