UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

ORIGINAL

---

County of Mille Lacs and First National Bank of Milaca,

Plaintiffs,

vs.

Melanie Benjamin, *et al.*,

Defendants.

---

Civ. No. 02-407 JMR/RLE

**STIPULATED PROTECTIVE ORDER**

**WHEREAS**, the parties have made discovery requests and may in the future serve additional discovery requests;

**WHEREAS**, certain materials may be requested by the parties in the course of discovery that constitute or contain personal, private, confidential or proprietary information, as defined below;

**WHEREAS**, Plaintiffs may in the future request proprietary information pertaining to Defendants;

**WHEREAS**, counsel for the parties are willing to enter into a Stipulation and Order as a condition to the disclosure and use of any such Confidential Information and/or inspection and copying of any such Confidential Information;

**WHEREAS**, counsel for the parties agree that an Order containing the terms set forth herein may be entered by the Court without further notice in order to set forth guidelines for the use of Confidential Information, while allowing the opportunity for reasonable discovery; and

FILED MAR 17 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**WHEREAS**, counsel for the parties agree that they will abide by the terms of this Stipulated Protective Order during the period prior to the Court's execution of this Stipulated Protective Order, whenever that may be,

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:**

1. Definition of Confidential Information. Confidential Information is hereby defined as:

> Non-public financial and other information concerning customers of the First National Bank of Milaca (the "Bank") or appraisal files of Circle 6 Appraisal Service ("Circle 6"), the confidentiality of which the Bank or Circle 6 is obligated to maintain.

2. Designation of Confidential Information.

   (a) The parties shall indicate the confidential nature of documents and other information to be produced and/or the confidential nature of testimony by affixing the word "CONFIDENTIAL" thereon or by identifying or by designating such documents, other information, and/or testimony as Confidential Information in writing or on the record in a deposition or other transcribed proceeding;

   (b) The designation of Confidential Information shall appear on all documents or information containing such material, including portions of depositions, briefs, or correspondence. Confidential designations to deposition transcripts shall be made on the record during such deposition or within thirty (30) days after the party desiring such designation receives the transcript of such deposition;

   (c) If material is too voluminous or it is impracticable to designate the material as Confidential Information, that material shall be so designated in the transmittal letter.

3. Redacting of Social Security Identification. Documents containing the Social Security numbers of any individual or the Taxpayer Identification number of a business or any other unique identifier may be redacted to eliminate such number or identifier.

4. Confidential Information shall be used solely for the preparation, trial and/or settlement of the action, and shall not be communicated or used for any other purpose whatsoever except as compelled by court order or disclosed pursuant to Rule 1.6(b)(5) of the Minnesota Rules of Professional Conduct.

5. Confidential Information shall not be given, shown, made available, communicated, or disclosed to anyone other than:

(a) The attorneys of record in this action and their associated attorneys, legal assistants, and staff members of their firms working on the action;

(b) The parties themselves and elected or appointed officers of the parties or the Mille Lac Band of Ojibwe; provided, however, that before any such person reviews or receives any Confidential Information, he or she must read a copy of this Stipulation and Protective Order and agree in writing to abide by the same by signing a document in the form of Exhibit A hereto unless that person is otherwise authorized to review the Confidential Information at issue in the normal course of their job duties;

(c) Independent consultants and/or experts retained by the parties to work on the action; provided, however, that before any such consultant or expert is shown or receives any Confidential Information, he or she must read a copy of this Stipulation and Protective Order and agree in writing to abide by the same by signing a document in the form of Exhibit A hereto;

(d) Witnesses interviewed by a party's representatives or attorney, or persons deposed in this lawsuit; provided, however, that before any information, document or thing designated as Confidential Information is shown to a witness, he or she must read a copy of this Stipulation and Protective Order and agree in writing to abide by the same by signing a document in the form of Exhibit A hereto unless that person is otherwise authorized to review the Confidential Information at issue in the normal course of his or her job duties;

(e) Stenographic reporters engaged for depositions or other proceedings necessary to the conduct of the action;

(f) Such persons as the undersigned counsel shall mutually consent to in writing or on the record prior to the proposed disclosure; and

(g) The Court and Court personnel.

6. If a dispute arises as to the designation of materials as Confidential Information, the parties agree to attempt to resolve the issue in good faith. If the matter is not resolved by the parties themselves, the party challenging the confidential status of information claimed to be restricted by this Stipulation and Protective Order shall bring the dispute before the Court for a determination, and the party challenging the designation bears the burden of proving that a document should not be designated as Confidential Information.

7. Except as expressly provided herein, nothing in this Stipulated Protective Order is intended to limit or have the effect of limiting either party's right to make use of such information for any purposes or uses permitted under the Federal Rules of Civil Procedure, the relevant Local Rules of the District of Minnesota, or the Federal Rules of Evidence, at any time during the pretrial preparation or trial of this lawsuit or any time up to and including the entry of judgment and conclusion of any appeals taken therefrom. Accordingly, subject to the Federal Rules of Evidence, materials protected by this Stipulated Protective Order may be offered in evidence at trial or at any court hearing subject to such protective measures as may be directed by this Court.

8. Confidential Information shall be placed under seal in submissions to the Court only where redacting, coding identities, summarizing or other objective treatment cannot be made.

9. In the event that any Confidential Information not covered by paragraph 8 above is filed, included in, or referred to in any paper filed with the Court, counsel responsible for such filing shall notify the Clerk of the Court in accordance with the Court's procedures at the time of filing that such paper contains Confidential Information protected by this Stipulation and Protective Order, and shall notify the other parties of the confidential nature of the filing. The

Clerk of the Court shall keep such Confidential Information under seal until further order of the Court; provided, however, that access to such Confidential Information filed with the Court shall be afforded to the Court and to counsel for the undersigned parties.

10. If, at the time of trial or in connection with any pretrial or settlement hearing, counsel for a party intends to introduce any material made subject to this Stipulated Protective Order produced by any opposing party and designated by that opposing party as "CONFIDENTIAL," he or she shall so inform the Court and opposing counsel as far in advance as possible, and the Court may take such steps, at the request of the opposing counsel or on its own initiative, as it deems necessary to preserve the confidentiality of such material subject to this Stipulated Protective Order.

11. In cases of surprise or for good cause shown, if, at the time of trial or in connection with any pretrial or settlement hearing, counsel for a party intends to introduce any Confidential Information not covered by paragraph 8 above, s/he shall so inform the Court and opposing counsel and provide reasonable notice before such Confidential Information may be submitted to the Court or provided to opposing counsel.

12. Neither the provisions of this Stipulated Protective Order, nor any designation or failure to designate any particular information, document or material by a party as Confidential Information shall, in this litigation, or any other litigation, constitute a waiver of the rights of a party to assert confidentiality with respect to any document, material, or information meeting or not meeting the definition of Confidential Information in Paragraph 1 above. Upon discovery of an inadvertent non-designation the discovering party will immediately notify the opposing party and the information, document or material identified will be treated as if it had been originally designated as Confidential Information and will be subject to the terms of this Stipulated

Protective Order. If a party produces multiple identical copies of a document (but with different document identification) and one has not been designated as confidential, all identical copies shall be treated according to the most restrictive designation.

13. The inadvertent production of any attorney-client privileged and/or work product protected document shall not constitute a general waiver of the privilege or protection. If the party who inadvertently produced such documents demands return of the document on the grounds that it is attorney client privileged and/or work product protected and has been produced inadvertently, and the party to whom the document has been produced refuses to return it, the party who produced the document will promptly file a motion to compel the return of the document; and the party to whom the document was produced may retain the document pending resolution of the motion to compel but, unless and until that motion is denied by the Court, may not use or disclose that document in any way, except as it relates to the motion to compel.

14. Within sixty (60) days after the final termination of this action, including all appeals, all Confidential Information, all copies of such Confidential Information not covered by paragraph 7 above, and all excerpts, notes, extracts, summaries, and analyses therefrom shall be returned to the party who produced the Confidential Information or the party in possession of such Confidential Information shall certify, under oath, that such material has been destroyed.

15. Counsel for the undersigned parties hereby jointly apply to the Court for entry of an Order in accordance with the terms of this Stipulation.

16. The Order entered pursuant to the terms of this Stipulated Protective Order shall be without prejudice to the rights of any party to seek modification of its provisions upon motion duly noticed and served.

17. The provisions of the Order entered pursuant to the terms of this Stipulated Protective Order shall, absent written consent of the parties hereto, continue to be binding after the conclusion of this action, and the Court shall retain jurisdiction for the purpose of ensuring compliance with the Order and granting such other and further relief as may be necessary.

**SO STIPULATED:**

Dated: March 7, 2003.

By: Scott D. Knudson

Scott G. Knudson
Patrick S. Williams
Bryant D. Tchida
Briggs & Morgan P.A.
2400 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 334-8400
(612) 334-8650

ATTORNEYS FOR
FIRST NATIONAL BANK OF MILACA

Dated: March 6, 2003.

By: ______________________

Tom D. Tobin
Tobin Law Offices, P.C.
P.O. Box 730
422 Main Street
Winner, SD 57580

ATTORNEY FOR COUNTY OF MILLE LACS

Dated: March ____, 2003.

By ______________________

Mary Al Balber
Solicitor General, Mille Lacs Band of Ojibwe Indians
43408 Oodena Dr.
Onamia, MN 56359

17. The provisions of the Order entered pursuant to the terms of this Stipulated Protective Order shall, absent written consent of the parties hereto, continue to be binding after the conclusion of this action, and the Court shall retain jurisdiction for the purpose of ensuring compliance with the Order and granting such other and further relief as may be necessary.

**SO STIPULATED:**

Dated: March ____, 2003.

By: ______________________________

Scott G. Knudson
Patrick S. Williams
Bryant D. Tchida
Briggs & Morgan P.A.
2400 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 334-8400
(612) 334-8650

ATTORNEYS FOR
FIRST NATIONAL BANK OF MILACA

Dated: March ____, 2003.

By: ______________________________

Tom D. Tobin
Tobin Law Offices, P.C.
P.O. Box 730
422 Main Street
Winner, SD 57580

ATTORNEY FOR COUNTY OF MILLE LACS

Dated: March 6, 2003.

By Mary Al Balber by MDS

Mary Al Balber
Solicitor General, Mille Lacs Band of
Ojibwe Indians
43408 Oodena Dr.
Onamia, MN 56359

Dated: March 6, 2003.

By Marc Slonim

Marc D. Slonim
Ziontz, Chestnut, Varnell, Berley & Slonim
Suite 1230
2101 Fourth Avenue
Seattle, WA 98121

ATTORNEYS FOR DEFENDANTS

**ORDER**

Based on the foregoing Stipulation of the parties, IT IS SO ORDERED.

Dated: 3/17/03

United States Magistrate Judge

**EXHIBIT A**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

The undersigned hereby acknowledges that he or she has received a copy of the Stipulated Protective Order entered in County of Mille Lacs v. Benjamin, et al., Civ. No. 02-407 JMR/RLE has read such Stipulated Protective Order, agrees to be bound by all of the terms thereof, and further agrees that the U.S. District Court for the District of Minnesota may exercise jurisdiction over him/her to enforce such Stipulated Protective Order.

Dated: ___________________________ ______________________________________

Subscribed and sworn before me
this ______ day of ______, 2002.

_______________________________
Notary Public

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## ***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.