02-CV-407 JMR/RLE

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 03-2527

| | | |
|---|---|---|
| County of Mille Lacs,<br><br>Plaintiff - Appellant,<br><br>First National Bank, of Milaca,<br><br>Intervenor Plaintiff,<br><br>v.<br><br>Melanie Benjamin, individually and officially as Chief Executive, Mille Lacs Band of Chippewa Indians; Herb Weyaus, individually and officially as Secretary/Treasurer, Mille Lacs Band of Chippewa Indians; Sandra Blake, individually and officially as District Representative, Mille Lacs Band of Chippewa Indians; Marvin Bruneau, individually and officially as District Representative, Mille Lacs Band of Chippewa Indians; Harry Davis, individually and officially as District Representative, Mille Lacs Band of Chippewa Indians,<br><br>Defendants - Appellees,<br><br>State of Minnesota; State of South Dakota, | * | Appeals from the United States District Court for the District of Minnesota. |

SCANNED
JUN 1 2004
U.S. DISTRICT COURT MPLS

Amicus on Behalf of *
Appellant. *

No. 03-2537

County of Mille Lacs, *
*
Plaintiff, *
*
First National Bank, of Milaca, *
*
Intervenor Plaintiff - *
Appellant, *
*
v. *
*
Melanie Benjamin, individually and *
officially as Chief Executive, Mille *
Lacs Band of Chippewa Indians; *
Herb Weyaus, individually and *
officially as Secretary/Treasurer, *
Mille Lacs Band of Chippewa *
Indians; Sandra Blake, individually *
and officially as District *
Representative, Mille Lacs Band of *
Chippewa Indians; Marvin Bruneau, *
individually and officially as District *
Representative, Mille Lacs Band of *
Chippewa Indians; Harry Davis, *
individually and officially as District *
Representative, Mille Lacs Band of *
Chippewa Indians, *
*
Defendants - Appellees, *
*

State of Minnesota, *
*
Amicus on Behalf of *
Appellant. *

---

Submitted: October 24, 2003

Filed: March 9, 2004

---

Before RILEY, BOWMAN and SMITH, Circuit Judges.

---

SMITH, Circuit Judge.

County of Mille Lacs ("County") and the First National Bank of Milaca ("Bank"), appeal from an order of the district court dismissing their action seeking to determine the legal status of the boundaries of the Mille Lacs Band of Chippewa Indians ("Band") reservation. We affirm.

I.

The facts for this case extend back nearly 170 years. The district court opinion described them well, and we will not recapitulate them all. *County of Mille Lacs v. Benjamin*, 262 F. Supp. 2d 990 (D. Minn. 2003). Relevant to this appeal, the appellants brought suit in federal court seeking declaratory relief regarding the boundary status of the Mille Lacs Indian Reservation. The County and the Bank contend that the reservation's boundary status is a critical issue to many residents in Mille Lacs County. The Bank alleges that the reservation's boundary status must be defined because the Band's assertion of regulatory authority over parts of the reservation's territory has had a negative effect on the value of the Bank's security interests. In the Bank's view, the Band's allegations of ownership and jurisdiction to parts of the reservation have harmed the Bank's economic interest.

The County contends that the uncertainty of the reservation's boundaries is detrimental to the County's ability to enforce laws and building and environmental permits that are directly dependent on the reservation's boundaries.

At the close of initial discovery, the Band moved for summary judgment on the following grounds: standing, ripeness, sovereign immunity, and indispensable party. The district court granted the Band's motion after determining that neither the Bank nor the County had standing to question the legal status of the reservation's boundaries. Also, the court determined that the present dispute was not ripe for adjudication. On May 7, 2003, the district court, in granting the Band's motion for summary judgment, dismissed the claim with prejudice. This appeal followed.

On appeal, the County and the Bank argue that they have suffered both threatened injury and present harms to their ability to plan and conduct business. Specifically, they allege numerous harms, including: greater regulatory oversight by the EPA, limits on county and state regulatory authority, and expansion of the reach of tribal authority. Lastly, the appellants contend that the district court erred in dismissing the suit with prejudice because the dismissal was based on jurisdictional grounds. We consider each argument in turn.

II.

We review a district court's grant of summary judgment based on standing de novo. *Oti Kaga, Inc. v. S. Dakota Hous. Dev. Auth.*, 342 F.3d 871, 877 (8th Cir. 2003) (citing *Nat'l. Fed'n. of the Blind of Mo. v. Cross*, 184 F.3d 973, 979 (8th Cir. 1999). Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). When ruling on a summary judgment motion, a court must view the evidence "in the light most favorable to the nonmoving party." *Oti Kaga, Inc.*, 342 F.3d at 877 (citing *Dush v. Appleton Elec. Co.*, 124 F.3d 957, 962–63 (8th Cir. 1997)).

A. *Standing*

Federal courts only have jurisdiction to hear actual cases and controversies. U.S. Const. art. III, § 2, cl. 1. "[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971). The controversy must be definite and concrete, touching the legal relations of parties having adverse *legal* interests. *Nat'l Fed'n of the Blind of Mo.*, 184 F.3d at 979 (emphasis added). A party must satisfy constitutional standing requirements for its case to proceed to adjudication. *Id.* A party has standing to bring a claim if it has suffered some actual or threatened injury.

"The controversy requirement of the Declaratory Judgment Act is synonymous with that of Article III of the Constitution." *Carson v. Pierce*, 719 F.2d 931, 933 (8th Cir. 1983) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239–40 (1974); *Cass County v. United States*, 570 F.2d 737, 739 (8th Cir. 1978)). In order to demonstrate standing, a plaintiff must "demonstrate that he has suffered [an] injury in fact, that the injury is fairly traceable to the actions of the defendant, and that the injury will likely be redressed by a favorable decision." *Bennett v. Spear*, 520 U.S. 154, 162 (1997) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992); *Valley Forge Christian Coll. v. Am. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471–472 (1982) (internal citations omitted)).

"The essential distinction between a declaratory judgment action and an action seeking other relief is that in the former no actual wrong need have been committed or loss have occurred in order to sustain the action." *Horne v. Firemen's Ret. Sys. of St. Louis*, 69 F.3d 233, 236 (8th Cir. 1995) (quoting *United States v. Fisher-Otis Co.*, 496 F.2d 1146, 1151 (10th Cir. 1974)). The County and the Bank argue that they have standing because they have suffered threatened injury caused by the Band's alleged ownership of certain parts of the Mille Lacs Indian Reservation. We disagree.

We give a district court's decision to dismiss a declaratory-judgment action unique and substantial discretion. *See Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942); *Horne v. Firemen's Retirement System of St. Louis*, 69 F.3d 233, 236–37 (8th Cir. 1995). Here, the district court correctly concluded that the appellants lacked standing.

The Bank alleged in its complaint that the Band's assertion of regulatory authority over property in which the Bank holds a security interest reduced the value of its collateral. Specifically, the Bank alleges that, if imposed, the Band's enactments could impact federal banking laws and the Minnesota Uniform Commercial Code thereby directly affecting the Bank's operations. Also, the Bank noted that the Band owns a nearby financial institution that competes directly with the Bank. The Bank provided affidavits of lenders expressing concern whether clear title to their property can be obtained in the disputed area. The Bank also provided letters from residents stating that they would not have purchased property within the boundaries of a reservation and that they would not have built a home within the boundaries of a reservation. These statements of concern, however, do not establish an injury in fact. At best, they reflect speculative harms based upon the assumed future intent of the Band.

The County has failed to establish standing. We agree with the Band that the County has been unable to point to any definite controversy that exists from the Band's purported expansion of tribal jurisdiction over the disputed portion of the reservation. The County presented no evidence that its ability to enforce state or local law on the reservation has been usurped or even affected by the Band's alleged intentions. In order to demonstrate standing, a plaintiff must demonstrate that he has suffered an injury or a threatened injury. Neither the County nor the Bank has shown that it is in immediate danger of sustaining threatened injury traceable to an action of the Band. Therefore, they are unable to demonstrate standing. Furthermore, because there is no actual "case or controversy" before our Court, the ripeness issue is moot.

B. *Dismissal*

The district court issued its summary judgment with prejudice. A district court is generally barred from dismissing a case with prejudice if it concludes subject matter jurisdiction is absent. *Ahmed v. United States*, 147 F.3d 791, 797 (8th Cir. 1998) (citing *Johnson v. Boyd-Richardson Co.*, 650 F.2d 147, 148 (8th Cir. 1981) ("Under Rule 41(b) of the Federal Rules of Civil Procedure, dismissal for lack of jurisdiction is not an adjudication on the merits and thus such a dismissal should be without prejudice")); *Charchenko v. City of Stillwater*, 47 F.3d 981, 985 (8th Cir. 1995). Because the district court dismissed solely on jurisdictional grounds, dismissal with prejudice is premature. We reverse this portion of the judgment and direct that the district court enter judgment without prejudice.

III.

In conclusion, we affirm the district court's dismissal for lack of standing. However, we reverse the district court's decision to dismiss the complaint with prejudice. The appellant's motion to supplement the record is denied.

---

A TRUE COPY OF THE ORIGINAL
MICHAEL E. GANS, CLERK
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
BY: Michael E. Gans